# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FACE AND BODY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00208 |
| | ) |
| JADE TYLER WHITAKER, et al., | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Objections to Removal and Motion to Remand (Doc. No. 8) and Defendants' Response (Doc. No. 11). For the reasons discussed below. Plaintiff's Motion is **GRANTED**.

## I. PROCEDURAL BACKGROUND

On February 10, 2020, Plaintiff filed suit against Defendants in the Chancery Court for Rutherford County at Murfreesboro, alleging several state law claims related to conversion and unjust enrichment. (Doc. No. 1-1). Defendants removed the action to this Court on March 9, 2020 on the basis of diversity jurisdiction. (Doc. No. 1) Plaintiff timely filed objections to removal and moved to remand the case. (Doc. No. 8). Defendants filed a Response indicating no opposition to Plaintiff's motion. (Doc. No. 11). Before filing a Response, Defendants filed a Partial Motion to Dismiss. (Doc. No. 9).

## II. STANDARD OF REVIEW

A defendant may remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the case originally been filed there. 28 U.S.C. § 1441. An exception to the removal statute arises when a properly joined defendant is a citizen of

that state in which the plaintiff filed the action. 28 U.S.C. § 1441(b). This forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Little v. Wyndham Worldwide Operations, Inc.*, 251 F.Supp.3d 1215, 1221 (M.D. Tenn. 2017) (quoting *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)). The party seeking removal bears the burden of establishing the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). However, "the removal statute should be strictly construed, and all doubts resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3rd Cir. 1996)).

## III. ANALYSIS

Plaintiff has properly raised the forum defendant rule in the Objections and Motion to Remand filed before the Court, (Doc. No. 8) and the motion is ripe for review. Defendants do not object to remand. (Doc. No. 11). This case is in its early stages. No discovery has commenced, and the Court has not addressed the merits of any claims. Additionally, Defendants' state in the Notice of Removal that the Chancery Court heard Plaintiff's motion for a temporary injunction in this matter, but as of the time of removal, has not issued a ruling. (Doc. No. 1, ¶ 4). The Court finds that the interests of justice and judicial economy are best served by remanding this action.

Accordingly, Plaintiff's Motion to Remand is **GRANTED**. Defendants' Partial Motion to Dismiss (Doc. No. 9) is **DENIED** as moot. This action is **REMANDED** to the Chancery Court of Tennessee for Rutherford County at Murfreesboro.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE